Fabricant, Judith, J.
After hearing, and review of all materials submitted, the Court is not persuaded that the plaintiff has met its burden of showing both that it is likely to succeed on the merits of any of its claims, and that it will suffer irreparable harm in the absence of injunctive relief during the pendency of this action. For that reason, the motion will be denied.
The complaint asserts two substantive counts: breach of the insurance policies issued by the defendant to the plaintiff; and breach of a cost-sharing agreement entered into between the defendant and other insurers, of which the plaintiff claims to be a third-party beneficiary. The third count, seeking declaratory judgment, raises essentially the same issues as the first count.
The likely outcome of the first and third counts depends on interpretation of the decision of the Supreme Judicial Court in Boston Gas Co. v. Century Indemnity Co., 454 Mass. 337 (2009). Having reviewed that decision carefully, with reference to both the policy language involved in that case and here, the public policy issues addressed in that decision and those presented here, and the nature of the underlying claims, the Court is of the view that the rule announced in that case applies here. The plaintiff has identified no difference in policy language that would distinguish this case from Boston Gas. [1] The difficulties of proof of causation that raise the problem of allocation are the same; indeed, the Supreme Judicial Court’s discussion of the problem referenced toxic exposure as well as environmental damage claims, id. at 348-50, and noted specifically that the Court had previously reserved the issue of allocation in a case involving asbestos claims. Id. at 355, citing A. W. Chesterton Co. v. Massachusetts Insurers Insolvency Fund, 445 Mass. 502, 503, 506 n.3 (2005).
Nor does any public policy weigh against application of the rule of Boston Gas in this context; the Supreme Judicial Court’s analysis did not turn on the size or economic standing of any insured, or its fault in connection with the underlying injuiy; the Court looked, rather, to the overall goals of equity among insurers and self-insured parties, judicial efficiency, stability and predictability in the insurance market, and incentives for responsible commercial behavior. Id. at 365-66. The Court specifically addressed the situation of policyholders, like the plaintiff here, who were unable to obtain coverage for some period of time; the Court declined to adopt an exception to the rule of allocation based on time on the risk. Id. at 371-73. The Court did not directly address the implications of joint and several liability in circumstances where, as the plaintiff contends is the case here, a relatively minor contributor to the injuiy may be the only one who remains solvent. This Court must nevertheless credit the Supreme Judicial Court with full awareness of that doctrine and its potential effects in such circumstances.
It follows that, for those of the underlying cases in which the evidence does not permit allocation of liability based on a fact-based determination of the timing of the injuiy, the plaintiff will share with its insurers, pro rata based on time on the risk, the obligation to pay any judgments or settlements that the injured parties may obtain, in proportion to the period of exposure during which the plaintiff was uninsured. See id. at 370.[2] The action on the part of the defendant of which the plaintiff complains in this case is nothing more than its assertion of its intention *326 to enforce that obligation on the part of the plaintiff. Such assertion does not constitute a breach of any obligation under the policies.
Nor could the defendant’s action constitute a breach of the cost-sharing agreement that forms the basis of the plaintiffs second count, even assuming the plaintiffs status as a third-party beneficiaiy. As the allegations of the complaint acknowledge, that agreement expressly grants the defendant a right of termination upon sixty days written notice. The defendant has given such notice. The exercise of a right to which the parties expressly agreed does not constitute a breach.
Having failed to establish a likelihood of success on the merits of any of its claims, the plaintiff is not entitled to preliminary injunctive relief. The Court has nevertheless considered the issue of irreparable harm. The harm asserted — the plaintiffs exposure to potential liabiliiy for a portion of whatever judgments or settlements may arise from the underlying cases — is by its nature monetary, subject to remedy by money damages. Such harm generally does not qualify as irreparable for purposes of a preliminary injunction. See Packaging Industries Group v. Cheney, 380 Mass. 609, 621 (1980). Although courts have recognized an exception in the rare circumstance where the monetary loss threatens the existence of the plaintiffs business, see Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co., 399 Mass. 640, 643 (1987), the Court is not persuaded that the exception applies here.
The plaintiff asserts that its potential liabiliiy will destroy its value to potential buyers, and will prevent it from having access to credit necessary to operate its business.[3] Certainly any increased potential liabiliiy will not assist the plaintiff in selling its business or in obtaining credit, but nothing submitted indicates any genuine likelihood that the particular conduct of Liberty Mutual challenged in this action will substantially change the plaintiffs position in this regard. The plaintiff is and has long been a defendant in a list of underlying cases claiming injury from asbestos exposure. The realities of the plaintiffs situation with respect to those claims have always included the possibility that its insurance coverage might be exhausted, along with the combined potential effects of the bankruptcy of other responsible parties and the doctrine of joint and several liability. These unfortunate circumstances have no doubt impaired the plaintiffs creditworthiness, as well as the value of the plaintiffs business to potential buyers. The Court cannot conclude, based on the materials submitted, that the additional factor of allocation under the rule of Boston Gas will be fatal.
CONCLUSION AND ORDER
For the reasons stated, the plaintiffs Motion for Preliminary Injunction is DENIED.

 The definition of “occurrence” in the Boston Gas policies appears to be identical to that in this plaintiffs Liberty Mutual policy. See id. at 359. The plaintiff cites the “other insurance” provision of part VI of its policy, but the Supreme Judicial Court saw no obstacle to its ruling in the same language in the Boston Gas policies. Id. at 361.

 As the plaintiff points out, the SJC left open the possibility that the evidence in a particular case may permit fact-based allocation. The rule it established is for cases where that is not possible. Id. at 373.

 The plaintiffs assertions in this regard in connection with earlier litigation tend to undermine its contentions.